## INTRODUCTION

1.  I, Amanda E. Becker, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since 2012. I am currently assigned to the Detroit Field Office, Grand Rapids Resident Agency. During my employment with the FBI, I have conducted investigations into allegations of violations of a wide variety of federal criminal laws, including violations related to high technology or cybercrime, child exploitation, and child pornography, and I have experience in the enforcement of those laws since 2021. I am familiar with the various statutes of Title 18, United States Code, Chapter 117, including coercion and enticement of minors (18 U.S.C. § 2422) and transportation of minors (18 U.S.C. § 2423).

2.  I make this continuation in support of an application for a criminal complaint against HART BUCKLEY for coercion and enticement of a minor (18 U.S.C. § 2422) and transportation of a minor (18 U.S.C. § 2423).

3.  The statements contained in this Continuation are based upon information acquired during my investigation, as well as information provided by others such as other police officers, and task force officers (TFOs) and special agents of the FBI. Because this Continuation is being submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause to believe that HART BUCKLEY committed the offenses of coercion and enticement of a minor (18 U.S.C. § 2422) and transportation of a minor (18 U.S.C. § 2423), and that evidence of the same will be located in Target

Premises 1.

## FACTS SUPPORTING PROBABLE CAUSE

4.      On January 26, 2025, the parents of a 15-year-old minor ("MINOR 1") reported to law enforcement that their son was missing. When MINOR 1's mother returned home from work around approximately 2:30 PM, she was told by MINOR 1's siblings that MINOR 1 left the house on foot earlier in the day. MINOR 1's mother reported her son was wearing black shoes, a black t—shirt, and jeans. He was also carrying a black shoulder bag. MINOR 1's parents checked MINOR 1's room and found a few of his clothing items were missing along with his wallet, but his cell phone was on the floor. MINOR 1's mother was able to access the cell phone and found MINOR 1 had attempted to wipe the phone of all information. MINOR 1's parents had installed a program on the phone which made it impossible to delete everything from the cell phone without permissions. MINOR 1's parents were able to review the messenger application on the cell phone and found a long text chain with an unknown person saved in MINOR 1's phone as "DayaMyCuteGf:3," using telephone number 719-415-5321, later identified as HART BUCKLEY.[1]

5.      Law enforcement responded to MINOR 1's home and reviewed the text

---

[1] HART BUCKLEY is biologically a male but identifies as a female. MINOR 1 referred to BUCKLEY as she/her. During the forensic interview of MINOR 1, he disclosed he saved BUCKLEY's cell phone number as "DayaMyCuteGf:3" because "DAYA" was a previous Discord username used by BUCKLEY. However, MINOR 1 advised BUCKLEY goes by the transgender name SCARLET.

2

chain between MINOR 1 and "DayaMyCuteGf:3." The two talked about being in love, wanting to be together, and mutual sexual interest. On or about Saturday, January 25, messages read:

> MINOR 1:           Hehe your ass is so hot
>
> "DayaMyCuteGf:3":  It's all yours to play with and do fun with
>
> MINOR 1:           Yay lots of fun gonna be happening ;3
>
> "DayaMyCuteGf:3":  Are you gonna cover me and fill me up like your Desert ;>
>
> MINOR 1:           Yesss
>
> "DayaMyCuteGf:3":  Yippeeeeeee

6. Based on my training and experience in child exploitation and coercion & enticement cases, I interpret the above exchange as describing an anticipated act of sexual penetration between "DayaMyCuteGf:3"/BUCKLEY and MINOR 1. I am aware that HART BUCKLEY is approximately nine years older than MINOR 1.

7. I have been advised by the United States Attorney's Office for the Western District of Michigan that Illinois State Law criminalizes "aggravated criminal sexual abuse," which includes circumstances in which a "person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim." 720 Ill. Comp. Stat. Ann. 5/11-1.60.

3

8.      During the text message conversations on or about Sunday, January 26, 2025, "DayaMyCuteGf:3" gave MINOR 1 instructions and advice about deleting information from MINOR 1's phone:

| | |
|---|---|
| "DayaMyCuteGf:3": | You don't need to wipe text and everything Clean rn, you can decide to later at the library if you want i think |
| MINOR 1: | Oki |
| "DayaMyCuteGf:3": | Unless it's a pc at home, then maybe wipe it clean of stuff of messages incase |
| MINOR 1: | Na it's just a chrome book and old one plus I have a password setup so they won't be able to get in to it |
| "DayaMyCuteGf:3": | Bring your phone if you want, but I think wipe it before and maybe don't bring it but it's your choice. I have mine and you can use it for stuff if you need too |

Later in the conversation:

| | |
|---|---|
| MINOR 1: | Also I can just delete my messages and log out Of Discord |
| "DayaMyCuteGf:3": | Tell me before wipe so I know not to text anymore |

4

| | |
|---|---|
| MINOR 1: | Oki. I still have to pack clothes and stuff |
| "DayaMyCuteGf:3": | Yeah, I also think uninstalling it is a good one too unless it sets an alarm off or something |

9. Towards the end of the text messages, "DayaMyCuteGf:3" told MINOR 1 to meet "DayaMyCuteGf:3" at the Wyoming library:

| | |
|---|---|
| "DayaMyCuteGf:3": | I'm at the library. Where near the library should I go? Probably away from cameras |
| MINOR 1: | Oh lemme get ready I'll be there soon |
| "DayaMyCuteGf:3": | Alright, should we get going right away or meet a little outside? |
| MINOR 1: | Uh get going then meet |
| "DayaMyCuteGf:3": | Alright. I got the same ride to take us back, I'll stand outside it and wait when you wipe your phone and head here. Car is in the back of the parking lot alone away from front entrance. Black car black windows me red dress blue coat |

10. The text chain also referenced nude photos that the two parties sent to one another. However, the nude photos themselves were not visible in the message thread. However, law enforcement conducted a manual review of MINOR 1's cell phone

5

and found in the gallery section of the phone a photo that had been taken at 20:22 hours on 01/25/2025, this photo appeared to be taken by MINOR 1, and it showed his naked genitals from the waist down. Law enforcement also found a video that showed a male with long red hair masturbating. This video was forty-eight seconds long and was downloaded onto MINOR 1's phone at 15:27 hours on 12/28/2024.

11. Using databases available to law enforcement, investigators determined that the telephone number MINOR 1 was texting was registered to HART BUCKLEY. HART BUCKLEY's residence is located at **542 S. Westgate Ave, Jacksonville, Illinois 62650** (**Target Premises 1**).

12. Records were requested from the Illinois Secretary of State for HART BUCKLEY which determined he was a male, date of birth xx/xx/2000.[2]

13. Surveillance video was obtained from the library near MINOR 1's home, located in Wyoming, Michigan. The video depicted a dark colored vehicle parked near the back of the parking lot. A person was observed walking from a wooded area at the end of the parking lot wearing a black shirt, black pants, and carrying a black bag, which matched the description provided by MINOR 1's mother. A person opened the rear passenger side of the vehicle and waved down the person matching MINOR 1's description. The person matching MINOR 1's description entered the vehicle and the vehicle drove off.

---

[2] HART BUCKLEY's full date of birth is known to me, but I have omitted it for the purpose of protecting personally identifiable information.

14. Investigators determined that the number 719-415-5321 was operated by AT&T and an emergency request was authorized for exigent location information of the cellular telephone.

15. The information from the AT&T exigent location information determined the cellular telephone using 719-415-5321 was likely shut off, but was last seen in the area of Jacksonville, Illinois, approximately 1800 feet from HART BUCKLEY's registered address and in close proximity to two hotels.

16. On January 27, 2025, law enforcement contacted the Jacksonville Police Department in Jacksonville, Illinois. Police first checked HART BUCKLEY's registered address. Housemates allowed the police to enter, and the police determined that HART BUCKLEY was not inside. Afterwards, police checked the nearby hotels. A staff member told police that HART BUCKLEY had checked into a Hampton Inn, room 214. Law enforcement responded to room 214 and found HART BUCKLEY.

17. HART BUCKLEY came to the hotel room door after police knocked and announced themselves. When police asked whether MINOR 1 was inside, HART BUCKLEY denied that anyone else was in the room. Instead, he told police he had recently been with an online friend, whose real name he claimed not to know. He said that this online friend had left for a walk. HART BUCKLEY stated as far as he knew, the friend was not a minor and all he did was give him a ride. HART BUCKLEY added, "I never hurt anyone," and "I just wanted to say I didn't force anyone to do anything," before he allowed police access to the hotel room.

18.  Law enforcement entered the hotel room and located MINOR 1 sitting on the hotel room bed. The sheets and blankets were pulled back, as if two people had slept in the bed overnight:



19.  HART BUCKLEY continued to speak with police. HART BUCKLEY disclosed he met MINOR 1 online and picked up MINOR 1 using UBER or LYFT. HART BUCKLEY denied knowing MINOR 1's age, but stated they cuddled. Law enforcement asked HART BUCKLEY for his telephone number, which he provided as 719-415-5321 and added he had the number for a long time. HART BUCKLEY also stated he went by "Scarlet."

20.  On January 30, 2025, a forensic interview was conducted with MINOR 1.

MINOR 1 disclosed he met HART BUCKLEY through Discord approximately two to three years ago, when MINOR 1 was approximately thirteen. MINOR 1 knew HART BUCKLEY's true name to be "HART," but said HART BUCKLEY went by "Scarlet." According to MINOR 1, HART BUCKLEY and MINOR 1 eventually exchanged phone numbers, and they messaged each other. MINOR 1 described HART BUCKLEY's plan to pick him up at a library near his house and for MINOR 1 to wipe his phone. HART BUCKLEY took MINOR 1 to a hotel. MINOR 1 denied sexual contact, beyond cuddling, as far as he knew. However, a law enforcement officer observed a bottle of sexual lubricant on the nightstand in the room. During the forensic interview, MINOR 1 stated HART BUCKLEY may have purchased it for HART BUCKLEY's personal use.

21. MINOR 1 also disclosed that during MINOR 1's relationship with HART BUCKLEY, MINOR 1 would joke about sex. MINOR 1 disclosed he sent pictures of his front private parts to HART BUCKELY when MINOR 1 was fifteen years old.

## CONCLUSION

22. Based upon the above information, I respectfully submit there is probable cause to believe that HART BUCKLEY committed the offenses of coercion and enticement of a minor (18 U.S.C. § 2422) and transportation of a minor (18 U.S.C. § 2423).

23. Based upon the above information, I respectfully submit there is probable cause to believe that the cellular phone assigned AT&T number 719-415-5321 was used to facilitate HART BUCKLEY's commission of the above-named offenses, and that a

search of this device will yield evidence of these crimes.

24. Wherefore, by this Continuation and Application, I respectfully request that the Court issue a warrant authorizing the arrest of HART BUCKLEY.

25. I also request that this continuation, the complaint, and the requested warrant be placed under seal in order to prevent flight of the suspect and/or destruction of evidence.